IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CHIEF JUDGE MOORE
MAGISTRATE JUDGE MCALILEY

| | |
|---|---|
| BIOHEALTH MEDICAL LABORATORY, INC., a corporation organized under the laws of the State of Florida, PB LABORATORIES, LLC, a limited liability company organized under the laws of the State of Florida, <br><br> Plaintiffs, <br> v. <br><br> CONNECTICUT GENERAL LIFE INSURANCE COMPANY, a company organized under the laws of the State of Connecticut, CIGNA HEALTH AND LIFE INSURANCE COMPANY, a company organized under the laws of the State of Connecticut, <br><br> Defendants. | CIVIL ACTION NO. <br> 1:15-CV-23075-KMM |

**DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 12(b)(6) and L.R. 7.1, Defendants Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively, "Cigna"), respectfully request that this Court dismiss the Complaint filed by Plaintiffs BioHealth Medical Laboratory, Inc. and PB Laboratories, LLC for the following reasons:

**I.      BACKGROUND**

Plaintiffs are medical laboratories that allegedly provide blood and urine testing to members of employee benefit plans administered or insured by Cigna. (Compl. ¶¶ 8, 9, 13.) Plaintiffs have not executed a written provider agreement with Cigna. Rather, they have

attempted to step into the shoes of Cigna members and recover the members' alleged health benefits. According to Plaintiffs, the vast majority of the members belong to plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (Compl. at p. 2.) The rest supposedly belong to non-ERISA plans governed by Florida law. (*Id.*) Yet Plaintiffs make no effort whatsoever to match the members' health benefit claims with specific ERISA and non-ERISA plans. Indeed, there are no facts in the Complaint that support Plaintiffs' conclusion that at least some Cigna members belong to non-ERISA plans.

Based on these threadbare allegations, Plaintiffs plead claims for benefits under ERISA § 502(a)(1)(B) (Count I) and for breach of fiduciary duty under ERISA § 502(a)(3) (Count II). They also allege claims for breach of contract (Count III), breach of contract as a third-party beneficiary (Count IV), breach of fiduciary duty (Count V), and promissory estoppel (Count VI) under Florida law. Regardless of how Plaintiffs frame their claims for alleged member benefits, Plaintiffs' Complaint fails as a matter of law.

*First*, many of Plaintiffs' claims fail because Plaintiffs lack broad derivative standing and cannot bring all of their claims against Cigna by stepping into the shoes of Cigna members. While Plaintiffs allegedly obtained assignments of benefits from Cigna members, those assignments do not extend to fiduciary duty claims. Nor do they reach self-funded plans. The Court must therefore dismiss Plaintiffs' fiduciary duty claims (Counts II and V) plus all claims seeking benefits under self-funded plans.

*Second*, Plaintiffs have not stated a plausible claim for relief under ERISA because they have not identified the services rendered to the Cigna members, linked any members to any employee benefit plans, or alleged any facts showing that any of the plans covered any of the services. Even if Plaintiffs had alleged such facts, Plaintiffs' claim for breach of fiduciary duty

under ERISA § 502(a)(3) (Count II) would collapse into their claim for benefits under ERISA § 502(a)(1)(B) (Count I).  And the Court would have to dismiss the claim for benefits under ERISA § 502(a)(1)(B) because Plaintiffs have made no effort to comply with binding Eleventh Circuit precedent and exhaust their administrative remedies before suing in federal court.

***Third*,** Plaintiffs have failed to state a claim for relief under Florida law.  They have not identified the services rendered to the Cigna members, linked any of those members to any Florida contracts, or alleged any facts showing that any Florida contracts covered any of the services.  As a result, Plaintiffs' bald contractual claims (Counts III and IV) are implausible and should be dismissed.  Additionally, Plaintiffs' fiduciary duty claim (Count V) fails because there is no fiduciary relationship between an insurer and insured under Florida law.  And Plaintiffs' promissory estoppel claim (Count VI) fails because Plaintiffs have not alleged a "definite" promise for "full and complete payment."

There is no reason for Plaintiffs' action to continue.  Plaintiffs cannot address the defects in their ERISA claims by re-pleading.  If Plaintiffs had any facts that supported their claims under Florida law, then Plaintiffs would have alleged them in their Complaint.  They did not.  The Court should therefore dismiss Plaintiffs' Complaint with prejudice.

## II.     STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citations omitted).

In this regard, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. at 558 (citation omitted). Indeed, the Eleventh Circuit has observed that whenever possible, facial challenges to the legal sufficiency of a complaint, raised in a dispositive motion to dismiss, should be resolved before discovery begins. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005). Of course, the rationale for such is that early resolution of purely legal questions obviates the need for costly discovery. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997).

**III.   ARGUMENT**

   **A.   <u>Plaintiffs' Claims Fail—In Whole Or In Part—Because Plaintiffs' Purported Assignments From Cigna Members Are Narrow In Scope.</u>**

   **1.   The purported assignments do not encompass fiduciary duty claims.**

Plaintiffs' alleged assignments do not give Plaintiffs the right to sue for anything other than the benefits allegedly owed. (Compl. ¶ 13, *see also* Ex. A.) They give Plaintiffs the limited right to "collect benefits" and assign "all benefits under any policy of insurance, indemnity agreement, or any collateral source." (*Id.*) The assignment includes the right to sue "if for any reason my insurance company fails to make payment of benefits due" (*id.*), but does not include the right to bring fiduciary duty claims (Compl. ¶¶ 41-48, 65-72).

Courts have consistently held that assignment of a right to pursue claims for benefits does not—absent explicit language—give the assignee the right to pursue fiduciary breach and other claims. *See, e.g., Sanctuary Surgical Ctr., Inc. v. Aetna Inc.*, 546 F. App'x 846, 852 (11th Cir. 2013) ("The plaintiffs' contention stretches beyond its breaking point the plain meaning of the agreement, which assigns only the right to receive benefits and not the right to assert claims for

breach of fiduciary duty or civil penalties."); *Peacock Med. Lab, LLC v. UnitedHealth Grp., Inc.*, No. 14-81271-CV, 2015 WL 2198470, at *3 (S.D. Fla. May 11, 2015) (same).

Since Plaintiffs' purported assignments grant them, at most, the right to assert benefit claims, Plaintiffs lack standing to assert claims for breach of fiduciary duty. Accordingly, Plaintiffs' fiduciary duty claims (Counts II and V) should be dismissed with prejudice.

### 2. The purported assignments do not apply to any self-funded plans.

On their face, Plaintiffs' purported assignments reach only insured benefits. (Compl. ¶ 13, *see also* Ex. A.) The purported assignments cover "all benefits owed under any policy of *insurance*" and give Plaintiffs "all rights to collect benefits directly from my *insurance company* . . . if for any reason my *insurance company* fails to make payment of benefits due." (*Id.* (emphasis added).) They do not apply to "self-funded plans for which Cigna provides administrative services." (*Id.*; *see also* Compl. ¶ 9.) *See, e.g., Med. Univ. Hosp. Auth./Med. Ctr. of the Med. Univ. of S. Carolina v. Oceana Resorts, LLC*, No. 2:11-CV-1522, 2012 WL 683938, at *8 (D.S.C. Mar. 2, 2012) ("Because the terms of the Consent Form do not cover self-funded employee benefits plans, the Consent Form did not give MUSC derivative standing").

Plaintiffs have not pleaded facts sufficient for Cigna and this Court to determine whether any disputed member claims are made under self-funded Cigna Plans. *See Response Oncology, Inc. v. MetraHealth Ins. Co.*, 978 F. Supp. 1052, 1065 (S.D. Fla. 1997) ("In 27 of the 49 ERISA claims, Plaintiff has failed to plead which claims are self-insured and which claims are fully insured . . . Failing to allege whether the claims were self-insured or fully-insured makes Plaintiff's Complaint unclear, and ambiguous . . . Therefore, the 27 claims which Plaintiff has failed to allege as self-insured or fully-insured plan should be dismissed from this cause of action."). But since Plaintiffs' purported assignments enable them, at most, to pursue insured

benefits, Plaintiffs lack standing to assert claims under self-funded Cigna Plans. Any such claims should be dismissed with prejudice.

### B. Plaintiffs Have Failed To State A Claim For Relief Under ERISA.

#### 1. Plaintiffs have not alleged a viable claim for benefits under ERISA §502(a)(1)(B) and the Cigna plans.

To state a claim for benefits under ERISA § 502(a)(1)(B), a plaintiff must plead facts showing that there are "benefits due" to them "under the terms of" an ERISA plan. *See* 29 U.S.C. § 1132(a)(1)(B). That is, "a plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." *Sanctuary Surgical Ctr., Inc. v. UnitedHealth Grp., Inc.*, No. 10-81589-CIV, 2013 WL 149356, at *3 (S.D. Fla. Jan. 14, 2013) ("benefits payable under an ERISA plan are limited to the benefits specified in the plan") (citations omitted). "[T]he complaint must 'provide the court with enough factual information to determine whether the services were indeed covered services under the plan." *Id.*

Here, Plaintiffs seek "in excess of $10 million" on 1,088 member claims for unspecified services under unspecified Cigna plans. (*See generally* Compl. and Exs. B, C.) Plaintiffs have failed to "at least identify the specific plan provisions under which coverage is conferred with respect to *each* of the [hundreds of] derivative ERISA claims identified in its complaint, and to allege sufficient facts to plausibly show the services rendered to each patient were indeed covered under that *particular* plan." *Sanctuary Surgical Ctr., Inc.*, 2013 WL 149356, at *3. Indeed, Plaintiffs have failed to identify *any* of the relevant plan terms—for *any* of the relevant plans—that supposedly entitle them to such benefit payments. Instead, Plaintiffs simply reiterate that Cigna allegedly failed to pay the claims listed on Exhibits B and C. (*See* Compl. ¶ 37.) Absent allegations about the plans' terms, such generalized, boilerplate allegations of nonpayment fall far short of the threshold for plausibility established by *Twombly*.

In *Sanctuary*, this Court dismissed a similar "mass action" for benefits relating to 996 member claims based on an assignment of benefits from each member. The plaintiffs cited "covered health services" language from six summary plan descriptions and two certificates of coverage. But the plaintiffs did not allege whether the 996 claims corresponded to the exemplar plans or other plans not cited or described in the complaint. Nor did they attach full plan documents or cite any of the "exclusionary" plan language. *Sanctuary Surgical Ctr., Inc.*, 2013 WL 149356, at *5. Because they failed to allege "a precise description of the relevant coverage and exclusionary language of all plans" and show how the services were covered under that language, they failed to state a viable claim for relief. *Id.* at *6.

Here, Plaintiffs do not identify any of the relevant plan terms for any of the 1,088 member claims. Nor do Plaintiffs link any of the members or claims to specific plans. Under *Sanctuary*, Plaintiffs' complete failure to allege the terms of the Cigna plans requires dismissal of their claim for benefits under ERISA § 502(a)(1)(B) with prejudice.

**2. The Court should dismiss Plaintiffs' fiduciary duty claim under ERISA § 502(a)(3) because Plaintiffs are suing for benefits.**

In addition to suing for benefits under ERISA § 502(a)(1)(B), Plaintiffs bring a claim for breach of fiduciary duty pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). Specifically, Plaintiffs allege that "Cigna breached and abused its fiduciary duties to its insureds by exercising its authority or discretionary control to deny or otherwise delay the payment of the claims for services provided to its insureds in bad faith and for ulterior motives." (*See* Compl. ¶¶ 41-48 (Count II).) Such allegations do nothing more than repackage Plaintiffs' claim for benefits as one for an "accounting and any other equitable remedy." (*See generally* Compl.)

The Supreme Court has made clear that ERISA § 502(a)(3) is a "catchall" provision that "act[s] as a safety net, offering *appropriate* equitable relief for injuries caused by violations that

§ 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe,* 516 U.S. 489, 512 (1996) (emphasis added). "[W]here Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief would not be '*appropriate*.'" *Id.* at 515 (emphasis added). "[T]he availability of an adequate remedy under the law for *Varity* purposes, does not mean, nor does it guarantee, an adjudication in one's favor." *Katz v. Comprehensive Plan of Grp. Ins.,* 197 F.3d 1084, 1089 (11th Cir. 1999).

Consequently, a plaintiff cannot state a viable claim for equitable relief under ERISA § 502(a)(3) when ERISA § 502(a)(1)(B) supplies an adequate remedy for *Varity* purposes. *Katz*, 197 F.3d at 1088-89; *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287-88 (11th Cir. 2003). In such a scenario, the ERISA § 502(a)(3) claim is "in no way dependent on the success or failure of the Section 502(a)(1)(B) claim." *Ogden*, 348 F.3d at 1287. Rather, it collapses into the ERISA § 502(a)(1)(B) claim because the plaintiff would otherwise receive "two bites at the apple . . . *solely because their first ERISA cause of action was unsuccessful*." *Id.* at 1288.

ERISA § 502(a)(1)(B) clearly and unambiguously provides Plaintiffs with an adequate remedy for any failure to pay benefits by establishing a cause of action "to recover benefits due." Plaintiffs cannot state a viable ERISA § 502(a)(3) claim by simply repackaging their allegations of benefits denials as breaches of fiduciary duty. The Court must therefore dismiss Plaintiffs' claim under ERISA § 502(a)(3) (Count II) with prejudice.[1]

---

[1] Plaintiffs' fiduciary duty claims are also subject to dismissal because Plaintiffs' allegations "are insufficient to plausibly suggest that [Cigna] was acting as a fiduciary" with respect to any of the unspecified plans. *SLM Fin. Corp. v. Castellano*, No. 2:11-CV-105-FTM-29, 2012 WL 717858, at *3 (M.D. Fla. Mar. 6, 2012) ("conclusory allegations are insufficient to state a claim for breach of fiduciary duty"); *see also MediaXposure Ltd. v. Harrington*, No. 8:11-CV-410-T-TGW, 2012 WL 1805493, at *10 (M.D. Fla. May 17, 2012).

### 3. Plaintiffs cannot proceed with their ERISA claims (Counts I and II) because they have not exhausted their administrative remedies.

"The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Counts v. Am. Gen. Life & Accident Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997); *see also Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000) ("we strictly enforce an exhaustion requirement on plaintiffs bringing ERISA claims"). "This exhaustion requirement applies equally to claims for benefits and claims for violation of ERISA itself." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006). Thus, it "applies to complaints for breach of fiduciary duty under ERISA." *Lanfear v. Home Depot, Inc.,* 536 F.3d 1217, 1224 (11th Cir. 2008).

Admittedly, Plaintiffs did not even attempt to exhaust administrative remedies under ERISA. (*See, e.g.,* Compl. ¶¶ 40, 48.) Instead, Plaintiffs summarily allege that "any option to exhaust Cigna's administrative remedies is non-existent and would be otherwise futile." (*Id.*) These "[b]are allegations of futility are no substitute for the 'clear and positive' showing of futility required before suspending the exhaustion requirement." *Bickley*, 461 F.3d at 1330 (citation omitted).[2] Because Plaintiffs did not even attempt to exhaust administrative remedies under ERISA, they have waived any futility argument. *See, e.g., Florida Health Scis. Ctr., Inc. v. Total Plastics, Inc.*, 496 F. App'x 6, 12 (11th Cir. 2012) ("[I]f nothing indicates that a plan

---

[2] Plaintiffs' conclusory allegations that Cigna "failed to provide [] any administrative remedies" and that "any option to exhaust Cigna's administrative remedies is non-existent" (Compl. ¶¶ 24, 27, 40, 48) are not a basis for suspending ERISA's exhaustion requirement either. *See, e.g., Moore v. Teledyne Techs. Inc. Pension Plan*, No. CIV.A. 14-00463-KD-C, 2015 WL 1469949, at *6 (S.D. Ala. Mar. 31, 2015) ("The Plaintiff can hardly claim that they denied him meaningful access to administrative procedures when he made no attempt to request documents or otherwise pursue those procedures."); *Bryant v. Cmty. Bankshares, Inc.*, 999 F. Supp. 2d 1273, 1276 (M.D. Ala. 2014) ("While the Bryants claim that they did not receive any instruction on the Plan's procedures since January 2008 and that they were 'unaware' of any administrative process that needed to be exhausted before filing a lawsuit, this does not 'clearly and positively' equate to being denied 'meaningful access' to the administrative review process.").

administrator would have afforded a claimant less than an adequate legal remedy, a claimant who does not first attempt to use administrative remedies waives the futility argument."); *Am. Dental Ass'n v. WellPoint Health Networks Inc.*, 494 F. App'x 43, 46-47 (11th Cir. 2012) ("Richards failed to initiate the administrative review process . . . Mere speculation is not enough to fulfill the futility exception to the requirement of exhaustion . . .").

This Court has routinely enforced administrative exhaustion requirements despite bald claims of "futility."  *See, e.g., La Ley Recovery Sys.-OB, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, No. 14-CV-23735-KMM, 2014 WL 7525661, at *4 (S.D. Fla. Nov. 18, 2014) (Moore, C.J.) ("Plaintiff maintains that compliance with the administrative remedies will be futile, as Defendant has demonstrated its failure to comply with their obligations by failing to pay on an already approved service . . . [T]he Court finds that these claims do not excuse Plaintiff from the requirement to exhaust administrative remedies."); *Leit v. Revlon, Inc.*, 85 F. Supp. 2d 1293, 1296-97 (S.D. Fla. 1999) (Moore, C.J.) ("[I]t appears that Leit ignored the procedural review provided for by the Policy . . . Thus, to permit Leit to maintain his ERISA action before this Court would be to undercut the Policy, as well as the purposes of, the administrative exhaustion requirement."); *Cline v. Home Quality Mgmt., Inc.*, No. 01-9016 CIV.-MOORE, 2004 WL 746291, at *6 (S.D. Fla. Mar. 18, 2004) (Moore, C.J.) ("there is no evidence, beyond Cline's speculation, that an attempt to file a claim . . . would have been futile").

Plaintiffs' bare allegations of "futility" are particularly insufficient here, given the number of Cigna members and plans that may be disputed.  Exhaustion is a critical first step to allow Cigna to consider the claims on an individual level prior to facing a group lawsuit.  *See, e.g., Response Oncology, Inc.*, 978 F. Supp. at 1064 ("In light of the fact that Plaintiff brings this suit as an assignee of 67 patients, under 46 plans, Plaintiff's allegation fails to meet even the

admittedly low requirements of notice pleading. It is unclear to the Court which plans, if any, the Plaintiff has attempted to exhaust its administrative remedies."). Indeed, ordering exhaustion would lead to a detailed review of specific claims under the relevant plan provisions, create an administrative record, and narrow any issues remaining for litigation. The Court should therefore dismiss Plaintiffs' ERISA claims (Counts I and II) based on Plaintiffs' failure to exhaust. This is true even if the Court finds that Plaintiffs have otherwise pleaded viable ERISA claims on the face of their Complaint.

### C. Plaintiffs Fail To State A Claim For Relief Under Florida Law.

#### 1. Plaintiffs have not alleged facts sufficient to show that any disputed member claims are governed by Florida law.

Plaintiffs admit that "[t]he vast majority of the insurance plans that cover the claims for benefits at issue in this case are provided through private employers and are therefore governed by [ERISA]." (Compl. at p. 2.) Because "Cigna is a global health service company" that "insures and administers a series of various employee health and welfare benefit plans," Plaintiffs posit that some of the member claims are under non-ERISA plans. (*See* Compl. ¶ 9.) Plaintiffs thus plead a series of Florida state law claims that apply only "[t]o the extent the Cigna Plans are not issued pursuant to an employee benefit plan." (*See* Compl. ¶¶ 53, 61, 69.)

Plaintiffs' threadbare allegations do not satisfy basic notice pleading standards. The Complaint does not indicate which member claims (if any) relate to non-ERISA plans. Indeed, it is possible on the face of the Complaint that all member claims relate to ERISA plans, in which case Plaintiffs' state law claims are preempted. *See, e.g., Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (any state law claims—whether based on state common or statutory law— that "relate to" an ERISA plan are preempted by ERISA § 514); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983) (A state law claim "relates to" an ERISA plan, and thus is preempted, "if

it has a connection with or reference to such a plan."); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted"). The mere possibility that at least some member claims are subject to Florida law is legally insufficient.[3] Because there are no facts showing that the existence of a non-ERISA plan subject to Florida law is plausible, this Court should dismiss all of Plaintiffs' claims under Florida state law (Counts III, IV, V, and VI) with prejudice.

### 2. The Court should dismiss Plaintiffs' contractual claims (Counts III and IV) because Plaintiffs do not allege any contract terms.

"To sufficiently plead a claim for breach of contract under Florida law, a plaintiff 'must assert the existence of a contract, a breach of such contract, and damages resulting from such breach.' It is appropriate to dismiss a breach of contract claim if it fails to state which provision of the contract was breached." *Cruz v. Underwriters at Lloyd's London*, No. 8:14-CV-1539-T-33TBM, 2014 WL 3809179, at *2 (M.D. Fla. Aug. 1, 2014) (dismissing breach of contract claim because "Plaintiffs did not identify in their Complaint the contractual provision of the policy that Defendant allegedly breached") (internal citation omitted); *see also Gentry v. Harborage Cottages-Stuart, LLLP*, No. 08-14020-CIV, 2008 WL 7759041, at *7 (S.D. Fla. Sept. 24, 2008) (Moore, C.J.) ("Therefore, given the vague and factually limited pleadings concerning the breach of contract claim and inability of this Court to discern which of the provisions were allegedly breached, Plaintiff has failed to sufficiently state a claim for breach of contract."); *Whitney Nat. Bank v. SDC Cmtys., Inc.*, No. 809CV01788EAKTBM, 2010 WL 1270264, at *3 (M.D. Fla. Apr. 1, 2010) ("Plaintiff fails to allege the specific provision of the contract allegedly breached.

---

[3] Indeed, it is equally possible on the face of the Complaint that at least some member claims relate to non-ERISA plans subject to the laws of states besides Florida. There is no way of telling from the face of the Complaint that the laws of Florida (versus another state) would necessarily apply to the non-ERISA plans that Plaintiffs presume to exist.

These counts are examples of 'the-defendant-unlawfully-harmed-me accusation' that *Iqbal* warned against."); *Anderson v. Branch Banking & Trust Co.*, 56 F. Supp. 3d 1345, 1353 (S.D. Fla. 2014) ("This Court has dismissed claims for breach of contract where it is unclear what provision or obligation under the contract has been violated."). Here, Plaintiffs have failed to identify a single contract or contract provision that was allegedly breached. The Court must therefore dismiss Plaintiffs' contractual claims (Counts III and IV) with prejudice.

### 3. Plaintiffs' fiduciary duty claim (Count V) fails because there is no fiduciary relationship between an insurer and an insured in Florida.

Plaintiffs bring their breach of fiduciary duty claim "[a]s assignees of the beneficiaries of the Cigna Plans" and seek to enforce "the rights relating to Cigna's fiduciary obligations owed to its insureds." (Compl. ¶ 71.) Yet "[t]here is no fiduciary relationship between an insurer and an insured under Florida law." *Hogan v. Provident Life & Accident Ins. Co.*, 665 F. Supp. 2d 1273, 1286 (M.D. Fla. 2009) (dismissing claim for breach of fiduciary duty against Unum); *see also Time Ins. Co. v. Burger*, 712 So. 2d 389, 391 (Fla. 1998) ("unlike the fiduciary relationship existent in a third-party claim, the relationship between the parties in a dispute over the insurance contract is that of debtor and creditor"). Consequently, Plaintiffs cannot allege "the existence of a fiduciary duty" as required for their breach of fiduciary duty claim. *Kahama VI, LLC v. HJH, LLC*, No. 8:11-CV-2029-T-30TBM, 2013 WL 5177843, at *7 (M.D. Fla. Sept. 12, 2013) ("As to Old Republic, there is no fiduciary relationship between an insurer and an insured under Florida law. Therefore, even if Kahama's allegations are taken as true, they fail to state a cause of action for breach of fiduciary duty by Marks or Old Republic.") (internal citation omitted). Because Plaintiffs have failed state a viable claim for breach of fiduciary duty, the Court must dismiss Count V with prejudice.

### 4. Plaintiffs' promissory estoppel claim (Count VI) fails because they do not allege a "definite" promise for "full and complete payment."

In support of their promissory estoppel theory, Plaintiffs allege they "confirmed with Cigna that (i) the requested laboratory services were covered benefits under the Cigna Plans and (ii) that the Laboratories would be reimbursed by Cigna as out-of-network facilities," and then relied on such promises to provide services. (Compl. ¶¶ 75-76.) Plaintiffs then jump to the conclusion that "Cigna is now estopped from denying full and complete payment for the claims." (*Id.* ¶ 77.) These vague, conclusory allegations fail to state a claim for multiple reasons.

To begin with, Plaintiffs provide scant details regarding Cigna's purported confirmations of coverage (*e.g.*, when Plaintiffs supposedly confirmed coverage, whether they confirmed coverage for each patient and each service provided, and, importantly, what the confirmation of coverage entailed). Under *Twombly* and *Iqbal*, Plaintiffs' conclusory allegations fall woefully short of providing fair notice to Cigna of the purported basis of this claim. *See, e.g., Peacock Med. Lab, LLC v. UnitedHealth Grp., Inc.*, No. 14-81271-CV, 2015 WL 5118122, at *5-6 (S.D. Fla. Sept. 1, 2015) (dismissing promissory estoppel claim because plaintiff failed to allege the "definite" promise and "reasonable" reliance required by Florida law).

Plaintiffs' bare-bone allegations also indicate that, at most, Cigna verified that a particular patient's benefit plan provided coverage for laboratory services and that Plaintiffs would be treated as out-of-network providers. (*See* Compl. ¶ 75.) Plaintiffs have not alleged that Cigna guaranteed payment regardless of any plan language or exclusions, or that Cigna promised the level of payment sought by Plaintiffs. Thus, Plaintiffs have failed to allege a "definite" promise for "full and complete payment" as required for their promissory estoppel claim. *See, e.g., Vencor Hosps. S., Inc. v. Blue Cross & Blue Shield of R.I.*, 86 F. Supp. 2d 1155, 1165 (S.D. Fla. 2000) (insurer's confirmation of coverage is merely a representation that the

insured was "covered for the *type* of treatment" proposed by the medical provider), *aff'd*, 284 F.3d 1174 (11th Cir. 2002); *Peacock Med. Lab, LLC v. UnitedHealth Grp., Inc.*, No. 14-81271-CV, 2015 WL 2198470, at *5 (S.D. Fla. May 11, 2015) (dismissing promissory estoppel claim because, "[f]ollowing *Vencor*, the allegations here of an indefinite confirmation of coverage will fail as well").

Accordingly, Count VI should be dismissed with prejudice because Plaintiffs fail to state a claim for promissory estoppel.

**IV.   CONCLUSION**

For the foregoing reasons, Cigna respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety with prejudice.

Respectfully submitted this 25th day of September, 2015.

                        ALSTON & BIRD LLP

By:   */s/ Christopher C. Marquardt*
       Christopher C. Marquardt (Fla. Bar No. 0102466)
       chris.marquardt@alston.com
       Patrick C. DiCarlo (*pro hac vice admission pending*)
       pat.dicarlo@alston.com
       One Atlantic Center
       1201 West Peachtree Street
       Atlanta, GA  30309-3424
       Phone: 404-881-7000/Fax: 404-881-7777

       Edward T. Kang (*pro hac vice admission pending*)
       edward.kang@alston.com
       The Atlantic Building
       950 F Street, NW
       Washington, DC 20004-1404
       Telephone: 202-239-3300
       Fax: 202-239-3333

       *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

This is to certify that this day, September 25, 2015, I electronically filed the foregoing DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW using the CM/ECF system, which will automatically provide notice to the following attorneys of record by electronic means:

Darryl Robert Graham
Francisco A. Rodriguez
Michael Constantine Marsh
Akerman Senterfitt
Suntrust International Center
One Southeast Third Avenue
25th Floor
Miami, FL 33131-2399
Phone: 305-374-5600/Fax: 305-374-5095
Email: darryl.graham@akerman.com
Email: francisco.rodriguez@akerman.com
Email: michael.marsh@akerman.com

*Counsel for Plaintiffs*

       By: */s/ Christopher C. Marquardt*
          Christopher C. Marquardt (Fla. Bar No. 0102466)
          chris.marquardt@alston.com
          ALSTON & BIRD LLP
          One Atlantic Center
          1201 West Peachtree Street
          Atlanta, GA  30309-3424
          Phone: 404-881-7000/Fax: 404-881-7777

          *Counsel for Defendants*