IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CHIEF JUDGE MOORE
MAGISTRATE JUDGE MCALILEY

| | |
|---|---|
| BIOHEALTH MEDICAL LABORATORY, INC., a corporation organized under the laws of the State of Florida, PB LABORATORIES, LLC, a limited liability company organized under the laws of the State of Florida,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CONNECTICUT GENERAL LIFE INSURANCE COMPANY, a company organized under the laws of the State of Connecticut, CIGNA HEALTH AND LIFE INSURANCE COMPANY, a company organized under the laws of the State of Connecticut,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br>1:15-CV-23075-KMM |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

The Court should grant Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company's (collectively, "Cigna") Motion to Dismiss (the "Motion") because Plaintiffs' Complaint does not state a claim upon which relief can be granted:

**I.     Plaintiffs' assignment arguments are not supported by their legal authorities or the plain language of their alleged assignments**

The plain language of the assignment attached to Plaintiffs' Complaint encompasses only a right to bring suit for benefits (not other claims) against an insurance company (not a self-funded ERISA plan).  Plaintiffs cite *North Cypress Medical Center Operating Co. v. Cigna Healthcare,* 782 F. Supp. 2d 294 (S.D. Tex. 2011), and argue that their alleged assignments are broad and encompass fiduciary duty claims under ERISA § 502(a)(3).  (Resp. pp. 4-6.)  They also cite Florida's subrogation law, Fla. Stat. § 768.76, and argue that claims against self-funded plans are within the reach of the alleged assignments because a self-funded ERISA plan is a "collateral source as defined by statute."  (Resp. p. 6.)  Both arguments are without merit.

The opinion in *North Cypress* is both non-authoritative and not on point.  In that case, the Court addressed a Rule 12(b)(1) challenge for lack of subject matter jurisdiction.  782 F. Supp. 2d at 300-02.  Thus, the complaint was challenged for lack of standing altogether due to invalid assignments.  *Id.*  In that context, the district court found that an "express assignment of benefits and rights from the plan participants" was sufficient to establish standing to sue for breach of fiduciary duty.  *Id.* at 302-03.

In contrast, Plaintiffs' alleged assignments transfer *only* the right to sue an insurance company to collect unpaid insurance benefits:

> I hereby irrevocably assign to [BioHealth Medical Laboratory, Inc./PB Laboratories LLC] or its affiliated laboratories all benefits <u>under any policy of insurance</u>, indemnity agreement, or any collateral source as defined by statute for services provided.  This assignment includes all rights to collect benefits directly from my insurance company and all rights to proceed against <u>my insurance company</u> in any action, including legal suit, <u>if for any reason my insurance company fails to make payment of benefits due</u>.

-1-

(Compl. ¶ 13, *see also* Ex. A (emphasis added).)  Thus, the right to proceed in an action is clearly linked to the collection of benefits.  To read the assignment otherwise would mean claimants assigned all rights to proceed against Cigna—including claims entirely unrelated to the provision of services by Plaintiffs, such as an individual's overpayment of premiums or failure to receive required notices.  Clearly, this would be an absurd reading of the assignment.  If the alleged assignments were meant to transfer all benefits and rights—including the right to bring fiduciary duty claims arising solely under ERISA—then they would contain such broad language.  They would not include language that limits the assignment to unpaid benefits.  *See, e.g., Sanctuary Surgical Ctr., Inc. v. Aetna Inc.*, 546 F. App'x 846, 852 (11th Cir. 2013).  Any ambiguity in the language of the assignment should be construed against Plaintiffs as the drafting parties.  *See, e.g., Lee v. Blue Cross/Blue Shield of Alabama*, 10 F.3d 1547, 1551 (11th Cir. 1994).

Plaintiffs' reliance on Fla. Stat. § 768.76 is equally misplaced because ERISA preempts that statute as applied to self-funded plans.  *Coleman v. Blue Cross & Blue Shield of Ala., Inc.*, 53 So.3d 1052, 1059-60 (Fla. Dist. Ct. App. 2010).  Further, the reference to "collateral source" in the alleged assignments is not specific enough to refer to self-funded plans.  (Compl. ¶ 13, *see also* Ex. A.)  If the alleged assignments were meant to apply to self-funded plans, Plaintiffs would have drafted them to include such language.  Even if "collateral source" can be read to refer to self-funded plans, the assignments only provide "rights to proceed against my insurance company in any action," and do not provide rights to file a lawsuit for claims under self-funded plans.  (*Id*.)  Plaintiffs cannot allege the assignments give them the right to bring this action for claims under self-funded plans. Thus, all claims against self-funded plans and all breach of fiduciary duty claims should be dismissed with prejudice.

## II. Plaintiffs have failed to state a claim for relief under ERISA

### A. Plaintiffs' allegations in support of their ERISA § 502(a)(1)(B) claim are fatally deficient and cannot be amended through Plaintiffs' response brief

Plaintiffs tacitly concede that they have not alleged *any* of the plans or plan terms under which they purport to sue. They ask the Court to excuse this glaring pleading deficiency because Cigna has supposedly "fail[ed] and refuse[d] to honor Plaintiffs' request for the plan documents . . ." (Resp. p. 8.) Yet nowhere in the Complaint do Plaintiffs allege that they requested and were denied plan documents. Plaintiffs cannot add such allegations to their Complaint through a response brief. *See, e.g., Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1355 n.6 (S.D. Fla. 2012). Their ERISA § 502(a)(1)(B) claim is thus fatally deficient and must be dismissed.

Plaintiffs also misread *United Surgical Assistants, LLC v. Aetna Life Ins. Co.*, No. 8:14-CV-211-T-30MAP, 2014 WL 5420801, at *2-3 (M.D. Fla. Oct. 22, 2014), where the district court required the provider to provide a more definite statement because its allegations did not put the defendant or the court on sufficient notice of the factual basis for each claim. The district court there found that the provider had failed to identify "the specific ERISA plans that covered each patient" and "the terms of the plan that [defendant] allegedly violated." *Id.* at *2. It was also "unpersuaded" by the provider's argument that it was unnecessary to identify the claims in dispute because the defendant possessed information on the specific plans and claims. *Id.* *3.

Similarly, here, Plaintiffs have failed to plead facts that, if proven, would establish that their claims are covered under the terms of any particular plan. It is not sufficient to simply plead the conclusion that their claims are covered, but rather they must plead facts that, if proven, would plausibly establish that conclusion. Nor is it sufficient to complain that they cannot plead their case without discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). As a practical matter, if Plaintiffs would exhaust administrative remedies, there would be an

-3-

administrative record that contains the plan documents at issue and a decision on the particular claims at issue. However, Plaintiffs have not pled sufficient facts to establish liability under any particular plan and, thus, their complaint fails to state a claim upon which relief can be granted.

### B. Plaintiffs' ERISA § 502(a)(3) claim must be dismissed because ERISA § 502(a)(1)(B) supplies an adequate remedy for alleged unpaid benefits

Plaintiffs argue that Fed. R. Civ. P 8(a)(3) authorizes them to plead claims under ERISA §§ 502(a)(1)(B) and 502(a)(3) "in the alternative, even if such claims appear to be duplicative" and that dismissal of the ERISA § 502(a)(3) claim is inappropriate on a motion to dismiss. (Resp. pp. 11-12.). Plaintiffs' argument is not supported by the case law. Indeed, district courts in the Eleventh Circuit have repeatedly granted motions to dismiss claims under ERISA § 502(a)(3) when ERISA § 501(a)(1)(B) supplies an adequate remedy.[1]

Plaintiffs also erroneously assume they are entitled to equitable relief under ERISA § 502(a)(3) "in addition to payment of benefits" pursuant to their ERISA § 502(a)(1)(B) claim. (Resp. p. 11.) However, the law is clear that because Plaintiffs have an available claim for benefits under ERISA § 502(a)(1)(B), they cannot also seek relief under the "catchall" provision of ERISA § 502(a)(3). (*See* Motion pp. 7-8.) Further, the ultimate viability of Plaintiffs' claim under ERISA § 502(a)(1)(B) is of no importance. The proper inquiry is *not* whether Plaintiffs will ultimately prevail on a claim under ERISA § 502(a)(1)(B), but rather whether such a claim is available in the first place. *See, e.g., Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1288 (11th Cir. 2003).

Plaintiffs cite *Hudgens v. Chrysler Grp.*, LLC, No. 2:12-CV-00993-HGD, 2013 WL

---

[1] *Lytle v. Lowe's Home Centers, Inc.*, No. 8:12-CV-1848-T-33, 2014 WL 1689279, at *9 (M.D. Fla. Apr. 29, 2014); *Sanctuary Surgical Ctr., Inc. v. United Healthcare, Inc.*, No. 10-81589-CIV, 2011 WL 2134534, at *6 (S.D. Fla. May 27, 2011); *Chiroff v. Life Ins. Co. of N. Am.*, 142 F. Supp. 2d 1360, 1366 (S.D. Fla. 2000); *Kindred Hosp. E. L.L.C. v. Blue Cross & Blue Shield of Fla., Inc.*, No. 3:05CV995J32TEM, 2007 WL 601749, at *3 (M.D. Fla. Feb. 16, 2007).

4851680, at *8 (N.D. Ala. Sept. 10, 2013) to support their claim under ERISA § 502(a)(3). The district court in *Hudgens* dismissed an ERISA § 502(a)(3) claim in part because it was based "on the failure to pay benefits due under the plan." *Id*. at *7. The claim survived in part because the plaintiff alleged that if he was not due benefits under the plan, then "the plan administrator made material misrepresentations upon which he relied to his detriment" regarding its interpretation of an ambiguous part of the plan. *Id*. The district court did not consider whether "other appropriate equitable relief" under ERISA § 502(a)(3) can include an accounting.

Here, Plaintiffs sued under ERISA § 502(a)(3) "to recover benefits due to the beneficiaries and enforce the rights of the beneficiaries under the terms of the Cigna Plans" and an "accounting" is the equitable relief sought for this claim. (Compl. ¶ 47.) Plaintiffs do not seek any other specific equitable relief under ERISA § 502(a)(3). (Compl. p. 11.) They cite no cases holding that "other appropriate equitable relief" under ERISA § 502(a)(3) may include an accounting in this context. Indeed, such a claim would serve only as a vehicle for determining any benefits due under the terms of the plans. Because ERISA § 502(a)(1)(B) supplies an adequate remedy for determining benefits due, an accounting cannot be "appropriate equitable relief" in this case. Their ERISA § 502(a)(3) claim accordingly fails.

C. **Plaintiffs' failure to exhaust Cigna's claim appeal process requires dismissal**

Plaintiffs attempt to excuse their failure to exhaust by alleging ignorance as to the possibility of administrative remedies under the Cigna Plans. (Resp. pp. 13-15.) But even if a plaintiff "did not receive any instruction on the Plan's procedures" and was "'unaware' of any administrative process that needed to be exhausted," the plaintiff cannot avoid ERISA's mandatory exhaustion requirements. *Bryant v. Cmty. Bankshares, Inc.*, 999 F. Supp. 2d 1273, 1276 (M.D. Ala. 2014). Here, like in *Bryant*, Plaintiffs do not allege that "they attempted to file an appeal or grievance of some sort, only to be denied or otherwise affirmatively blocked from

-5-

pursuing their administrative remedies." *Id.* at 1277. Instead, despite their status as medical providers presumably with extensive knowledge with ERISA claims procedures, Plaintiffs feign ignorance that administrative remedies were available under the Cigna Plans. (Resp. pp. 13-15.)

Plaintiffs also seek to evade ERISA's exhaustion requirement by summarily concluding that Cigna's claim appeal process was futile and blaming Cigna for failing to provide an alternative process that was satisfactory to Plaintiffs. (Resp. p. 13.) Plaintiffs' opposition to exhaustion is odd given their request for "an accounting of Defendants' records regarding Defendants' conduct in evaluating and administering the relevant claims." (Resp. p. 11). Court-ordered exhaustion would result in a detailed review of specific claims under the relevant plan provisions, create an administrative record, and narrow any issues remaining for litigation, all without burdening the Court with managing an accounting. Further, Plaintiffs' argument against exhaustion is premised on case law that is easily distinguishable.

In *Bacon v. Stiefel Laboratories, Inc.*, 677 F. Supp. 2d 1331, 1340 (S.D. Fla. 2010), the district court excused the plaintiffs' failure to exhaust because they were seeking a remedy (revaluation of their shares) that was "solely [in] the hands of the Trustee." The administrative process was futile because the committee responsible for the process did not have the power to remedy plaintiffs' alleged harm. *Id*. Here, Plaintiffs complain that Cigna denied claims. The claim appeal process is the mechanism by which Cigna reconsiders claim denials. The entities responsible for the process in this case plainly have the power to remedy Plaintiffs' alleged harm.

In *In re Managed Care Litigation*, 595 F. Supp. 2d 1349, 1353-54 (S.D. Fla. 2009), the plaintiffs alleged that they filed an appeal, the appeal was denied, and they were not told of their additional appeal options. The district court accordingly found futility. *Id*. Here, Cigna's claim appeal process was available for Plaintiffs to receive "a fair and reasonable opportunity to

address" the claim denials.  (Compl. ¶ 23.)  There is no allegation that Plaintiffs used the claim appeal process.  Nothing in *In re Managed Care Litigation* renders the unused claim appeal process futile, or requires Cigna to create an alternative process for Plaintiffs.

Further, as discussed above, while Plaintiffs' response brief claims they requested plan documents, such an allegation is entirely absent from the Complaint.  The failure to even attempt to review the Cigna Plans' provisions regarding exhaustion negates Plaintiffs' claim that they were denied meaningful access to administrative procedures.  *See, e.g., Moore v. Teledyne Techs. Inc. Pension Plan*, No. CIV.A. 14-00463-KD-C, 2015 WL 1469949, at *6 (S.D. Ala. Mar. 31, 2015) ("The Plaintiff can hardly claim that they denied him meaningful access to administrative procedures when he made no attempt to request documents or otherwise pursue those procedures.").  Thus, Plaintiffs' conclusory allegations that "any option to exhaust Cigna's administrative remedies is non-existent and would be otherwise futile" are insufficient to avoid ERISA's mandatory exhaustion requirements.  (*See, e.g.,* Compl. ¶¶ 40, 48; Motion pp. 9-11.)

In this regard, it is important to bear in mind that as assignees, Plaintiffs stand in the shoes of the assignor/participants and have "no greater rights" than the participants.  *See, e.g., Nova Info. Sys., Inc. v. Greenwich Ins. Co.*, 365 F.3d 996, 1004 (11th Cir. 2004).  Obviously, the participants themselves could not claim ignorance of their plans' administrative claim provisions.  Moreover, Plaintiffs allege no request for documents under ERISA § 104(b) that was ignored.  Plaintiffs are alluding to (without pleading) a pre-suit letter writing campaign between attorneys for the parties about liability in the aggregate.  That is not a substitute for the mandatory administrative process applicable to each participant's claim.

### III. Plaintiffs have still failed to state a claim for relief under Florida law

#### A. Plaintiffs have failed to allege facts sufficient to show that disputed member claims are governed by Florida law

In its opening brief, Cigna argued that Plaintiffs have not alleged facts showing that the existence of a non-ERISA plan subject to Florida law is plausible. (Motion pp. 11-12.) Plaintiffs responded by arguing that ERISA does not preempt the application of state laws to non-ERISA plans. (Resp. p. 15). Cigna agrees. Cigna's position is that there is no way of telling from the face of the Complaint that there are indeed non-ERISA plans, and that the laws of Florida (versus another state) apply to such plans. As a result, this Court must dismiss all of Plaintiffs' claims under Florida state law with prejudice.

#### B. The Court must dismiss Plaintiffs' breach of contract claims because Plaintiffs allege the generic elements of those claims without supporting factual detail

Plaintiffs argue that they have stated viable claims by alleging the generic elements for breach of contract. (Resp. p. 16.) Their argument has been rejected in this district and is inconsistent with *Twombly* and *Iqbal*. *See, e.g., Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1231, 1241 (S.D. Fla. 2011). Indeed, the district court in *NPA Associates, LLC v. Lakeside Portfolio Management, LLC*, No. 12-23930, 2014 WL 714812, at *4 (S.D. Fla. Feb. 22, 2014) required the plaintiff to "allege which provision of the contract has been breached." Rather than excuse this basic requirement as Plaintiffs imply, it only excused any requirement to attach or specifically quote the contract. *Id.* at *5. Because Plaintiffs have not alleged the contract provisions that were supposedly breached, this Court should dismiss Plaintiffs' contract claims (Counts III & IV) with prejudice.

#### C. Plaintiffs' fiduciary duty claim fails because they do not allege a plausible fiduciary relationship with a self-funded non-ERISA plan

Plaintiffs concede that there is no fiduciary relationship between an insurer and an

insured under Florida law; however, they now argue that their fiduciary duty claim "is specifically narrowed to self-funded health benefit plans." (Resp. p. 17.) That argument is belied by Plaintiffs' Complaint, which repeatedly refers to Cigna's alleged failure to meet fiduciary obligations to "insureds." (*See, e.g.*, Compl. ¶¶ 66, 67, 69.) Plaintiffs cannot extend the allegations in their Complaint to self-funded non-ERISA plans via their response brief.

Regardless, Plaintiffs have failed to plead facts showing a fiduciary relationship between Cigna and the patients identified by claim numbers on Exhibits B and C. Even if some of those claims are self-funded, the analysis remains the same. The Cigna employees involved in the various claim decisions dealt with the claimants at "arm's length," regardless of whether the underlying plan was insured or self-funded, and thus never entered into a fiduciary relationship with the claimants. *See, e.g., Hogan v. Provident Life & Acc. Ins. Co.*, 665 F. Supp. 2d 1273, 1287 (M.D. Fla. 2009). Plaintiffs allege no contrary facts here. Their conclusory allegations of a fiduciary relationship "merely recite the elements of the cause of action and, alone, cannot plausibly establish a fiduciary relationship." *Id.* As a result, the Court must dismiss Plaintiffs' fiduciary duty claim (Count V) with prejudice.

### D. **Plaintiffs cannot circumvent dismissal of their promissory estoppel claim by injecting new allegations into the case through their response brief**

Plaintiffs assert that "Defendants promised they would pay Plaintiffs for providing these covered services." (Resp. p. 19.) Yet in their Complaint, Plaintiffs allege only that "[t]he Laboratories would not have provided such services in the absence of the representations and promises by Cigna." (Compl. ¶ 76.) The alleged representations and promises were that "(i) the requested laboratory services were covered benefits under the Cigna Plans and (ii) that the Laboratories would be reimbursed by Cigna as out-of-network facilities." (Compl. ¶ 75.) Plaintiffs' assertion of a definitive promise to pay is not tethered to the Complaint, which states

only that Cigna confirmed the plan participant's covered benefits and Plaintiffs' out-of-network status.  If promises to pay were indeed made, then Plaintiffs would have alleged them expressly.

Plaintiffs' efforts to distinguish *Vencor Hospitals South, Inc. v. Blue Cross & Blue Shield of Rhode Island*, 86 F. Supp. 2d 1155 (S.D. Fla. 2000) are also unpersuasive.  First, Plaintiffs assert that *Vencor* "does not apply Eleventh Circuit law" in an attempt to suggest is it is non-authoritative.  (Resp. p. 20.)  However, *Vencor* applies Florida law in analyzing the promissory estoppel claim, which is precisely what this Court must do since Count VI is brought pursuant to Florida law.  (Compl. ¶¶ 73-77.)  Second, Plaintiffs note that *Vencor* distinguished promises regarding "kinds of treatment" and "costs of treatment," but then state that "Plaintiffs specifically allege that Defendants confirmed not only that services were covered, but that Defendants would also *pay* Plaintiffs for rendering those proposed services."  (Resp. p. 20.)  As discussed above and in Cigna's Motion, the Complaint does not allege that Cigna promised payment for the services—but rather only that Cigna confirmed coverage and Plaintiffs' status as out-of-network providers.  (Compl. ¶¶ 75-77.)  Thus, *Vencor* is on all fours with this case and Plaintiffs' promissory estoppel claim should be dismissed because "[Plaintiffs] do[] not allege that [Cigna] made any acknowledgments as to costs of a treatment.  [Plaintiffs] merely allege[] that [Cigna] acknowledged that the proposed *treatment* was covered." *Vencor*, 86 F. Supp. 2d at 1165.

## IV. Conclusion

The Court should dismiss Plaintiffs' claims in their entirety, with prejudice, because Plaintiffs lack standing or have otherwise failed to state viable claims for relief.  Alternatively, the Court should dismiss Plaintiffs' claims without prejudice and compel Plaintiffs to exhaust their administrative remedies.

Respectfully submitted this 5th day of November, 2015.

                        ALSTON & BIRD LLP

By:    */s/ Christopher C. Marquardt*
       Christopher Marquardt
       Christopher C. Marquardt (FBN 0102466)
       chris.marquardt@alston.com
       Brian R. Stimson (*pro hac vice* )
       brian.stimson@alston.com
       Patrick C. DiCarlo (*pro hac vice*)
       pat.dicarlo@alston.com
       One Atlantic Center
       1201 West Peachtree Street
       Atlanta, GA 30309-3424
       Phone: 404-881-7000
       Fax:   404-881-7777

       *Counsel for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that this day, November 5, 2015, I electronically filed the foregoing DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS using the CM/ECF system, which will automatically provide notice to the following attorneys of record by electronic means:

Darryl Robert Graham
Francisco A. Rodriguez
Michael Constantine Marsh
Akerman Senterfitt
Suntrust International Center
One Southeast Third Avenue
25th Floor
Miami, FL 33131-2399
Phone: 305-374-5600/Fax: 305-374-5095
Email: darryl.graham@akerman.com
Email: francisco.rodriguez@akerman.com
Email: michael.marsh@akerman.com

*Counsel for Plaintiffs*

By:  */s/ Christopher C. Marquardt*
Christopher C. Marquardt (Fla. Bar No. 0102466)
chris.marquardt@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309-3424
Phone: 404-881-7000/Fax: 404-881-7777

*Counsel for Defendants*