IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CHIEF JUDGE MOORE
MAGISTRATE JUDGE MCALILEY

| | |
|---|---|
| BIOHEALTH MEDICAL LABORATORY, INC., a corporation organized under the laws of the State of Florida, PB LABORATORIES, LLC, a limited liability company organized under the laws of the State of Florida, <br><br>       Plaintiffs, <br> v. <br><br> CONNECTICUT GENERAL LIFE INSURANCE COMPANY, a company organized under the laws of the State of Connecticut, CIGNA HEALTH AND LIFE INSURANCE COMPANY, a company organized under the laws of the State of Connecticut, <br><br>       Defendants. | CIVIL ACTION NO. <br> 1:15-CV-23075-KMM |

**DEFENDANTS' SUPPLEMENTAL BRIEFING
IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively "Cigna") file this supplemental briefing in support of their Motion to Dismiss, in order to apprise the Court of recent developments regarding the factual allegations in this case. Specifically, Plaintiffs BioHealth Medical Laboratory, Inc. and PB Laboratories, LLC ("BioHealth") allege in their Complaint and assert in response to Cigna's Motion to Dismiss that BioHealth has attached a list of "Cigna's Claim Identification Number[s]" to the Complaint. It turns out that these numbers are not identifying numbers used

by Cigna.  BioHealth's failure to include Cigna claim numbers in its Complaint reinforces why this Court should grant Cigna's Motion and dismiss the Complaint.

I.     **Factual and Procedural Background**

BioHealth's Complaint states in Paragraph 18 that "[t]wo spreadsheets identifying the improperly denied claims, segregated by claim number, for BHL and PB are attached as Exhibits "B" and "C," respectively."  Exhibits B and C both state that they contain "Cigna's Claim Identification Number."  The identifiers listed as "Cigna's Claim Identification Number" contain both numbers and letters, and vary between eight and eleven digits.

Soon after the Court issued its orders dated November 9, 2015, counsel for Cigna learned that Exhibits B and C do not contain Cigna claim numbers.  Cigna claim numbers are twelve or thirteen digits long and all numeric.  Cigna is not familiar with the identifiers listed in Exhibit B and C, and is not able to match them to patient claims or Cigna plans.

Cigna informed BioHealth of this issue on Friday, November 13, 2015 by letter and telephone.  (*See* letter attached hereto as Exhibit A.)  Cigna requested that BioHealth provide at least three identifiers for each claim in dispute:  (1) the claim number that Cigna assigned to the claim (which is set forth in the Explanation of Benefits for the claim); (2) the dates of service; and (3) the patient's last name.  Cigna indicated that it would need those identifiers in order to match patient claims and Cigna plans.  Cigna also requested that BioHealth correct the factual record before the Court.  BioHealth responded by telephone on Tuesday, November 17, 2015 and informed Cigna that it would provide the Cigna claim numbers for the claims.

Cigna proposed on Thursday, November 19, 2015 that the parties discuss the filing of a joint report to correct the record.  (*See* emails attached hereto as Exhibit B.)  Because BioHealth's counsel were in mediation in another matter, counsel for Cigna agreed to postpone

discussions to Monday, November 23, 2015.  During discussions on November 23, BioHealth proposed that any supplemental filings be separate and requested until the morning of Tuesday, November 24, 2015 to make a decision on whether to make a supplemental filing.  BioHealth informed Cigna the morning of Tuesday, November 24 that it would make a supplemental filing that day.  (*See* emails attached hereto as Exhibit C).  That evening, however, BioHealth informed Cigna by telephone that it had changed its mind and would not submit a supplemental filing.  Cigna has accordingly moved forward with this filing to ensure that the Court has accurate information in considering the pending Motion to Dismiss.

II.     **BioHealth did not include Cigna's claim numbers in the Complaint, which reinforces why the Court should dismiss the Complaint**

The Court should grant Cigna's Motion and, at a minimum, remand the case for administrative exhaustion because the core factual allegations that BioHealth relied upon when opposing the Motion are no longer operative.  BioHealth argued that it gave "fair notice of the claims at issue" and stated viable claims for relief because it attached "to the Complaint two spreadsheets (one for each Plaintiff) identifying: (i) the claim numbers that ***Defendants themselves assigned*** to each claim submitted by Plaintiffs … ."  *See, e.g.*, BioHealth's Memorandum of Law at pp. 2-3 (emphasis in original).  This is not accurate; Cigna cannot identify the disputed claims using the identifiers provided by BioHealth, much less match the claims to Cigna plans.  Contrary to BioHealth's arguments, Cigna has not received fair notice of the disputed claims.

This error regarding Cigna's claim numbers—and the resulting uncertainty about the disputed ERISA claims—underscores why Congress created an administrative process for ERISA claims in the first place.  The administrative process exists so that federal courts may adjudicate ERISA disputes based on complete administrative records, versus expending scarce

judicial resources developing facts at the individual claim level. At a minimum, the Court should remand this case for administrative exhaustion because the administrative process is tailor-made for the factual development that is so obviously necessary here.

A remand would be proper even if BioHealth were to amend its Complaint to add Cigna claim numbers because the identification of the disputed claims is only the first step in the administrative process. After the claims are identified, Cigna must still match them to Cigna plans, analyze the merits of BioHealth's contentions at the claim level, and determine whether separate and independent issues warrant denial or certain claims should be approved. Claims-level issues similar to the one that precipitated this joint filing will undoubtedly arise. There is no reason for the parties or the Court to grapple with claims-level issues in litigation, which is not a substitute for the administrative process created by Congress. At a minimum, the Court should remand for a complete administrative process that results in a defined number of claims in dispute, if any, and a defined set of issues for the Court to resolve. This process would not prejudice Plaintiffs, and would, in fact, conserve resources for the parties and the Court.

Respectfully submitted this 1st day of December, 2015.

                        ALSTON & BIRD LLP

By:   */s/ Brian Stimson*
      Christopher Marquardt
      Christopher C. Marquardt (FBN 0102466)
      chris.marquardt@alston.com
      Brian R. Stimson (*pro hac vice*)
      brian.stimson@alston.com
      Patrick C. DiCarlo (*pro hac vice*)
      pat.dicarlo@alston.com
      One Atlantic Center
      1201 West Peachtree Street
      Atlanta, GA 30309-3424
      Phone: 404-881-7000
      Fax:    404-881-7777

      *Counsel for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that this day, December 1, 2015, I electronically filed DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF THEIR MOTION TO DISMISS using the CM/ECF system, which will automatically provide notice to the following attorneys of record by electronic means:

Darryl Robert Graham
Francisco A. Rodriguez
Michael Constantine Marsh
Akerman Senterfitt
Suntrust International Center
One Southeast Third Avenue
25th Floor
Miami, FL 33131-2399
Phone: 305-374-5600/Fax: 305-374-5095
Email: darryl.graham@akerman.com
Email: francisco.rodriguez@akerman.com
Email: michael.marsh@akerman.com

*Counsel for Plaintiffs*

By: */s/ Christopher C. Marquardt*
Christopher C. Marquardt (Fla. Bar No. 0102466)
chris.marquardt@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309-3424
Phone: 404-881-7000/Fax: 404-881-7777

*Counsel for Defendants*