IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-23075-KMM

BIOHEALTH MEDICAL LABORATORY,
INC., a corporation organized under the laws
of the State of Florida, PB LABORATORIES,
LLC, a limited liability company organized
under the laws of the State of Florida,

  Plaintiffs,

v.

CONNECTICUT GENERAL LIFE INSURANCE
COMPANY, a company organized under the laws
of the State of Connecticut, CIGNA HEALTH
AND LIFE INSURANCE COMPANY, a
Company organized under the laws of the State
of Connecticut,

  Defendants.
                  /

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants, Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively, "Cigna") Motion to Dismiss Plaintiffs' Complaint (ECF No. 13). Plaintiffs BioHealth Medical Laboratory, Inc. and PB Laboratories, LLC (collectively the "Laboratories") filed a Response (ECF No. 21) and Cigna replied (ECF No. 25). Cigna also filed a supplemental reply brief with the Court's permission (ECF No. 32). Therefore, the Motion is ripe for review. Upon consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court grants Cigna's Motion to Dismiss.

**I.  BACKGROUND**

This insurance benefit dispute arises out of Cigna's denial of claims for toxicology testing performed by the Laboratories.  Cigna, a global health service company, serves as the claims administrator for various employer-sponsored health and welfare benefit plans (the "Cigna Plans").  Compl. ¶ 9 (ECF No. 1).  The Laboratories are out-of-network healthcare providers that routinely receive requests for testing services from Cigna's insureds.  *Id.* ¶ 13.  The Laboratories generally provide blood and urine testing to patients where the results of the tests are used by medical professionals to monitor and ensure compliance with certain drug rehabilitation programs.  *Id.* ¶ 8.  Before undergoing testing by the Laboratories, patients must sign a Patient Consent Form, which includes an assignment of benefits (the "Assignment") signed by the patient.  *Id.*  The Assignment expressly provides, in pertinent part:

> I hereby irrevocably assign to [the Laboratories] . . . all benefits under any policy of insurance, indemnity agreement, or any collateral source as defined by statute for services provided.  This assignment includes all rights to collect benefits directly from my insurance company and all rights to proceed against my insurance company in any action, including legal suit, if for any reason my insurance company fails to make payment of benefits due.  This assignment also includes all rights to recover attorney's fees and costs for such action brought by the provider as my assignee.

*Id.*  The Laboratories allege that they received either an identical or substantially similar assignment for the 1,088 claims identified in Exhibits B and C of the Complaint.  *Id.* ¶ 14.

Prior to rendering services, the Laboratories received verification from Cigna that coverage existed under the Cigna Plans for each of Cigna's insureds that sought to receive toxicology testing.  *Id.* ¶ 15.  The Laboratories also allege that, upon completion of the toxicology testing, Cigna's insureds were billed for any applicable co-payments or deductibles.  *Id.*  The Laboratories further allege that bills totaling in excess of $10,000,000 for the services rendered to Cigna's insureds were timely submitted.  *Id.* ¶ 16.

At some point in early 2014, Cigna began to delay payment or deny the claims submitted by the Laboratories. *Id.* ¶¶ 19, 25. In conjunction with the denial of payment, Cigna requested a number of documents regarding the claims submitted by the Laboratories. *Id.* Shortly thereafter, Cigna sent a formal letter accusing each laboratory of routinely waiving co-payments and deductibles. *Id.* ¶¶ 20, 26. The Laboratories allege that multiple requests were made to Cigna for payment on the outstanding bills, which Cigna allegedly ignored. *Id.* ¶¶ 23, 25. As a result, the Laboratories claim that Cigna denied them any opportunity to seek redress for Cigna's allegedly wrongful failure to pay the claims and failed to provide any administrative remedies that the Laboratories could pursue to compel Cigna's payment. *Id.* ¶¶ 24, 27.

On August 17, 2015, the Laboratories filed a six-count complaint against Cigna asserting claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* (Counts I and II) and various Florida state law claims including breach of contract (Counts III and IV), breach of fiduciary duty (Count V), and promissory estoppel (Count VI). The Laboratories assert the Court has subject matter jurisdiction arising under 28 U.S.C. § 1331 for the ERISA claims and supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims. The Laboratories' core justification for filing the Complaint is that no adequate administrative remedies exist or the pursuit of such remedies would otherwise be futile. *Id.* ¶¶ 40, 48, 56, 64, 72. On September 25, 2015, Cigna filed their Motion to Dismiss Plaintiffs' Complaint (ECF No. 13) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court now turns to Cigna's motion.

## II.   STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555.  When considering a motion to dismiss, the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff.  *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008).  However, "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]."  *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

A complaint must also contain enough facts to indicate the presence of the required elements.  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007).  However, "[a] pleading that offers 'a formulaic recitation of elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### III.  DISCUSSION

Cigna now moves to dismiss this cause of action on several grounds.  First, Cigna contends that the Laboratories lack broad derivative standing and are barred from bringing fiduciary duty claims and claims related to self-funded plans[1] under the express language of the

---

[1] Case law draws a distinction between two types of employee benefits plans: "self-funded" and "insured."  *Peacock Med. Lab, LLC v. Unitedhealth Grp., Inc*., No. 14-81271-CV, 2015 WL 5118122, at *6 (S.D. Fla. Sept. 1, 2015).  In a self-funded plan, rather than contracting out an employee's health insurance to an outside source, employers instead assume direct financial responsibility for the costs of the employee's claims.  *See generally*, David Goldin, Survey, *External Review Process Options for Self-Funded Health Insurance Plans*, 2011 Colum. Bus. L. Rev. 429, 440 (2011).  Employers providing self-funded plans often contract with third-party administrators ("TPA"), like Cigna, to provide administrative oversight of the plan.  *See e.g., Am.'s Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1324 (11th Cir. 2014) ("A TPA's

Assignment. Second, Cigna argues that the Laboratories have failed to state a claim for relief under ERISA. Third, Cigna asserts that the Laboratories have failed to exhaust their administrative remedies. Lastly, Cigna argues that the Laboratories have failed to state a claim for relief under Florida law.

In opposition to Cigna's motion, the Laboratories argue that the Assignment provides them broad derivative standing to bring claims for breach of fiduciary duty and claims arising out of self-funded plans. Additionally, the Laboratories assert that claims for benefits under ERISA are adequately pled under Rule 8(a). To support this point, the Laboratories reference two spreadsheets that are attached to the Complaint which provide a claim number allegedly assigned by Cigna and the date each service was provided to Cigna's insureds. The Laboratories also argue that no available administrative remedies exist and/or that the exhaustion of administrative remedies would otherwise be futile. Finally, the Laboratories assert that each state law claim is sufficiently pled and are not preempted by ERISA.

The Court now turns to address each argument to the extent that it warrants review. As shown more fully below, the Laboratories have standing to pursue their fiduciary duty claims, but lack standing for those claims arising out of self-funded plans. However, the Laboratories' failure to exhaust their administrative remedies warrant the dismissal of their ERISA claims (Counts I and II). Further, the Laboratories have failed to state a claim for relief under Florida law and those state law claims (Counts III-VI) must also be dismissed.

### A. The Laboratories' Standing Under ERISA

Section 502(a) of ERISA empowers a plan participant or a plan beneficiary to bring a civil action to recover benefits due to him under the terms of his plan. 29 U.S.C. § 1132(a)(1).

---

administrative duties might include processing claims, paying claims, and managing the everyday functioning of a plan.").

This provision also limits the right to sue for breach of fiduciary duty to plan participants, plan beneficiaries, plan fiduciaries, and the Secretary of Labor.  *Id.* § 1132(a)(2).  Additionally, the ability to seek equitable relief to redress a practice that violates ERISA lies only with plan participants, plan beneficiaries, and plan fiduciaries.  *Id.* § 1132(a)(3).

Within this framework, the Eleventh Circuit has determined that "[h]ealthcare providers . . . are generally not 'participants' or 'beneficiaries' under ERISA and thus lack independent standing to sue under ERISA."  *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1294 (11th Cir. 2004) (citing *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1241 (11th Cir. 2001)).  However, an exception to this general rule exists where healthcare providers can "acquire derivative standing . . . by obtaining a written assignment from a 'beneficiary' or 'participant' of his right to payment of benefits under an ERISA-governed plan."  *Id.*; *see also Cagle v. Bruner*, 112 F.3d 1510, 1515 (11th Cir. 1997) (explaining that "neither the text of § 1132(a)(1)(B) nor any other ERISA provision forbids the assignment of health care benefits provided by an ERISA plan").  "An assignment of rights from a participant to a health care provider places the provider in the participant's shoes to enforce rights—such as the right to sue for payment—under ERISA."  *Gables Ins. Recovery v. United Healthcare Ins. Co.*, 39 F. Supp. 3d 1377, 1386 (S.D. Fla. 2013).

Although Cigna does not dispute that the Laboratories have standing to sue under ERISA as assignees, they contend that the Laboratories' derivative standing is limited only to the collection of unpaid benefits.  On the other hand, the Laboratories argue that the assignments they obtained sufficiently convey the right to bring claims for breach of fiduciary duty and those arising out of self-funded plans.

6

The plain language of the Assignment supports the Laboratories' argument regarding any breach of fiduciary duty claims.  Under the Assignment, the Laboratories may seek to enforce "all rights to collect benefits directly from [the] insurance company and all rights to proceed against [the insured's] insurance company in any action."  Read in its entirety, the Assignment provided the Laboratories both the ability to receive benefits and all rights under the insureds' plans, including fiduciary duty claims.  In this case, carving out fiduciary duty claims would not only run counter to the express language of the Assignment, but also impede the policy goals of ERISA.  *See e.g., Texas Life, Acc. Health & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord Entm't Co.*, 105 F.3d 210, 215 (5th Cir. 1997); *see also Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*, No. CV 14-01480 MMM AGRX, 2014 WL 6603761, at *10 (C.D. Cal. July 28, 2014) ("[A]llowing the assignment of a breach of fiduciary duty claim would advance ERISA's purpose by facilitating the provision of health care services.").

However, the Laboratories' standing by assignment theory for self-funded plans does not survive the express language of the Assignment.  The core focus of the Assignment is on the assignee's ability to recover benefits "owed under any policy of insurance" and the pursuit of any rights to collect from the insurance company if for any reason the "insurance company fails to make payments due."  The Laboratories' argument that the right to collect benefits stemming from a "collateral source" necessarily implicates self-funded plans is belied by the Assignment's express language.

Accordingly, the Laboratories have standing to assert claims for breach of fiduciary duty (Counts II and V), but lack standing to assert claims under self-funded Cigna Plans.  Any claims arising out of self-funded plans are therefore dismissed without prejudice.

### B. Exhaustion of Administrative Remedies

It is well-established in the Eleventh Circuit that claimants are generally required to exhaust their administrative remedies prior to instituting suit in federal court under ERISA.[2] *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315-16 (11th Cir. 2000) ("[W]e strictly enforce an exhaustion requirement on plaintiffs bringing ERISA claims in federal court with certain caveats reserved for exceptional circumstances."); *Counts v. Am. Gen. Life & Acc. Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997); *Springer v. Wal-Mart Assocs.' Grp. Health Plan*, 908 F.2d 897, 899 (11th Cir. 1990). "This exhaustion requirement applies equally to claims for benefits and claims for violation of ERISA itself." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006). Administrative exhaustion in the case of insurance claims "often involves an appeal of a claim denial to the insurer." *Kahane v. UNUM Life Ins. Co. of Am.*, 563 F.3d 1210, 1214-15 (11th Cir. 2009). Ignorance of a claim procedure does not defeat the exhaustion requirement. *See Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 133 n.2, 134 (2d Cir. 2001) (holding that claimant "was required to exhaust even if she was ignorant of the proper claims procedure"); *see also Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corps.*, 215 F.3d 475, 481 (5th Cir. 2000) (requiring claimant to exhaust administrative remedies, despite finding that "the lack of information and the behavior of various officials of the company led [claimant] on a wild goose chase").

---

[2] The underlying policy rationale for exhaustion is that "[a]dministrative claim-resolution procedures reduce the number of frivolous lawsuits under ERISA, minimize the cost of dispute resolution, [and] enhance the plan's trustees' ability to carry out their fiduciary duties expertly and efficiently by preventing premature judicial intervention in the decisionmaking process." *Mason v. Cont'l Grp., Inc.*, 763 F.2d 1219, 1227 (11th Cir. 1985); *see also Decenzo/Reisman/Kellog, M.D., P.A. v. Cespedes*, 711 F. Supp. 612, 615 (S.D. Fla. 1989) ("[E]xhaustion of remedies avoids the high cost of litigation that both employers and employees would inevitably incur if claimants were required or allowed to file their claims directly with the courts.").

District courts enjoy considerable discretion "to excuse the exhaustion requirement when resort to administrative remedies would be futile or the remedy inadequate," *Counts*, 111 F.3d at 108, or "where a claimant is denied meaningful access to the administrative review scheme in place," *Perrino*, 209 F.3d at 1315. Administrative review by an interested party is insufficient to establish futility. *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1225 (11th Cir. 2008) ("[T]he futility exception is about meaningful access to administrative proceedings, not a potential conflict of interest of the decisionmakers."); *Springer*, 908 F.2d at 901 (recognizing that review by an interested party "is insufficient as a matter of law . . . to establish futility").

Claimants must make a "clear and positive showing of futility" in order to overcome the exhaustion requirement. *Springer*, 908 F.2d at 901 (internal citation and quotations omitted); *see also Am. Dental Ass'n v. WellPoint Health Networks Inc.*, 494 F. App'x 43, 47 (11th Cir. 2012) ("Mere speculation is not enough to fulfill the futility exception to the requirement of exhaustion of administrative remedies."); *Bickley*, 461 F.3d at 1330 ("[B]are allegations of futility are no substitute for the 'clear and positive' showing of futility required before suspending the exhaustion requirement."); *Commc'ns Workers of Am. v. Am. Tel. & Tel. Co.*, 40 F.3d 426, 432 (D.C. Cir. 1994) ("The futility exception is, however, quite restricted, and has been applied only when resort to administrative remedies is clearly useless.") (internal citation omitted).

Here, it is evident from a review of the Complaint and the parties' arguments, that the Laboratories have not alleged the exhaustion of administrative remedies. Instead, they merely allege that Cigna ignored their payment demands and failed to provide them with an adequate administrative remedy. *See* Compl. ¶¶ 24, 27. In fact, it appears from the face of the Complaint that no administrative remedies have been pursued in this matter. Rather, the Laboratories summarily declare that "any option to exhaust . . . is non-existent and would be otherwise futile."

9


*Id.* ¶ 28.  This is a glaring deficiency that the Laboratories reiterate, and attempt to salvage, in their response to Defendants' motion to dismiss.[3]  *See* Pls.' Response (ECF No. 21) at 13-14.

Courts deciding a motion to dismiss for failure to exhaust administrative remedies employ a two-step process.  *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).  First, a court must review both the "factual allegations in the defendant's motion to dismiss and those in plaintiff's response" and if a conflict exists, the court "takes the plaintiff's version of the facts as true."  *Alsobrook v. Alvarado*, 986 F. Supp. 2d 1312, 1322 (S.D. Fla. 2013) (citing *Turner*, 541 F.3d at 1082).  Second, "[i]f, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed."  *Id.*

However, even taking the Laboratories' factual allegations as true, the Court finds that the Laboratories' bald assertions of futility undercut the exacting requirement to exhaust administrative remedies.[4]  *See e.g.*, *Leit v. Revlon, Inc.*, 85 F. Supp. 2d 1293, 1296-97 (S.D. Fla. 1999).  The Laboratories have failed to make a "clear and positive showing" that proper assertion of their claims would be futile.  Nor does the Complaint offer more than "naked assertions devoid of further factual enhancement" that the Laboratories were denied meaningful access to administrative review of their claims.  *Iqbal*, 556 U.S. at 678 (internal quotation marks and alteration omitted).  Therefore, this Court must dismiss Counts I and II of the Complaint without prejudice so that the Laboratories may pursue their administrative remedies.

---

[3]  However, as Defendants correctly point out, a plaintiff may not "amend a complaint via a response to a motion to dismiss."  *See Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1356 n.6 (S.D. Fla. 2012) (collecting cases).

[4]  Additionally, by failing to pursue any administrative remedies, the Laboratories necessarily waive any argument of futility.  *See e.g.*, *Florida Health Scis. Ctr., Inc. v. Total Plastics, Inc.*, 496 F. App'x 6, 12 (11th Cir. 2012).

### C.     **Laboratories' State Law Claims**

The Laboratories have likewise failed to adequately plead state law claims arising from any non-ERISA plans.  First, the Complaint on its face does not identify any plan(s) that fall into this category.  As previously noted, the Laboratories attached to their Complaint two spreadsheets (Exhibits B and C) identifying the claims that Cigna is claimed to have improperly denied and alleging that these Exhibits contained Cigna claim identification numbers.[5]  However, merely claiming that some of the member claims arise under non-ERISA plans is insufficient to provide fair notice to Cigna.

The Laboratories bear the exclusive burden of establishing the existence of any plan from which their non-ERISA claims arise.[6]  It is a burden that is inextricably intertwined with the Laboratories' Rule 8 duty to make "a short and plain statement of [their] claim showing that [they are] entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although there is an exceedingly low threshold for stating a claim, the federal pleading requirement is "not entirely a toothless tiger." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996) (citation omitted).  The Laboratories' burden has not been met and these state law claims must be dismissed without prejudice.[7]

---

[5]  However, as Cigna notes in its supplemental brief (ECF No. 32), the claim numbers listed in the spreadsheets are not actual Cigna claim identification numbers.

[6]  It is quite possible that all member claims "relate to" ERISA plans, which would preempt the Laboratories' state law claims.  *See e.g.*, Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987); *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1215 (11th Cir. 1999).  It is also possible on the face of the Complaint that some member claims relate to non-ERISA plans subject to the laws of a state other than Florida.

[7]  Alternatively, the Court could decline to exercise its supplemental jurisdiction over the remaining state law claims as it has "dismissed all claims over which it has original jurisdiction." *Leal v. Stewart*, No. 1:15-CV-22953-KMM, 2015 WL 8611865, at *4 (S.D. Fla. Dec. 14, 2015)(citing 28 U.S.C. § 1367).

11

**IV.   CONCLUSION**

For the foregoing reasons, it is ORDERED AND ADJUDGED that Defendants' Motion to Dismiss Plaintiffs' Complaint (ECF No. 13) is GRANTED. It is further ORDERED AND ADJUDGED that Counts I and II are DISMISSED WITHOUT PREJUDICE to allow Plaintiffs to pursue their administrative remedies under ERISA. Counts III-VI are DISMISSED WITHOUT PREJUDICE. The Clerk of the Court is instructed to CLOSE this case. All other pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 1st day of February, 2016.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:   All counsel of record