# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 20, 2017

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 16-10978-BB
Case Style: BioHealth Medical Laboratory,, et al v. Cigna Health and Life Insuranc, et al
District Court Docket No: 1:15-cv-23075-KMM

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: James O'Donnell Delaney
Phone #: 404-335-6113

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 16-10978
_____

District Court Docket No.
1:15-cv-23075-KMM

BIOHEALTH MEDICAL LABORATORY, INC.,
a corporation organized under the laws of the State of Florida,
PB LABORATORIES LLC,
a limited liability company organized under the laws of the State of Florida,

                              Plaintiffs - Appellants,

versus

CIGNA HEALTH AND LIFE INSURANCE COMPANY,
a company organized under the laws of the State of Connecticut,
CONNECTICUT GENERAL LIFE INSURANCE COMPANY,
a company organized under the laws of the State of Connecticut,

                              Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida
_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: August 14, 2017
For the Court: DAVID J. SMITH, Clerk of Court
By: Djuanna Clark

**ISSUED AS MANDATE 09/20/2017**

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10978
_____

D.C. Docket No. 1:15-cv-23075-KMM


BIOHEALTH MEDICAL LABORATORY, INC.,
a corporation organized under the laws of the State of Florida,
PB LABORATORIES LLC,
a limited liability company organized under the laws of the State of Florida,

                                                                    Plaintiffs - Appellants,

versus

CIGNA HEALTH AND LIFE INSURANCE COMPANY,
a company organized under the laws of the State of Connecticut,
CONNECTICUT GENERAL LIFE INSURANCE COMPANY,
a company organized under the laws of the State of Connecticut,

                                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 14, 2017)

Before MARCUS, JILL PRYOR, and SILER,[*] Circuit Judges.

SILER, Circuit Judge:

Plaintiffs BioHealth Medical Laboratory, Inc., and PB Laboratories LLC (collectively "Laboratories") filed a six-count complaint against Defendants Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively "Cigna"), including Employee Retirement Income Security Act ("ERISA") claims and state-law contract claims. The district court ruled that the Laboratories had standing to pursue fiduciary duty claims but lacked standing to raise claims arising from self-funded plans. The district court separately dismissed the ERISA claims for failure to exhaust administrative remedies and dismissed the state-law claims for failure to state a claim. The Laboratories appeal only the district court's ruling that they lack standing to raise claims arising from self-funded plans. We vacate the part of the district court's decision dismissing for lack of standing the Laboratories' claims arising out of self-funded plans and leave in place the remainder of the district court's decision.

## FACTUAL BACKGROUND

Cigna issues health insurance plans and administers employer-sponsored health benefit plans. These are two distinct types of healthcare benefit plans. The first type of healthcare plan is a traditional insurance plan. Under these plans, an

---

[*] Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

employer enters into a contract with an insurance company and the insurance company bears the ultimate financial risk of paying benefits for the employees. Traditional insurance plans are not the subject of this appeal. The second type of healthcare plan is a self-funded plan. Under these plans, the employer and not the insurance company bears the ultimate financial risk of paying benefits, even if the employer usually contracts with a third-party administrator (such as Cigna) to administer the plan. *See generally America's Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1324 (11th Cir. 2014) (explaining the difference between insured and self-funded ERISA plans).

The Laboratories are out-of-network providers that perform blood and urine testing pursuant to both Cigna-issued and Cigna-administered plans. This lawsuit stems from Cigna's denials of payment claims made by the Laboratories.

There is no contract between Cigna and the Laboratories. Instead, the Laboratories bring their claims based on assignments from patients. The sample assignment attached to the complaint reads:

> CONSENT/ASSIGNMENT OF BENEFITS
>
> I voluntarily consent to the collection and testing of my specimen, and all future testing, performed by [the Laboratories] or [their] affiliated laboratories unless I give written notice that I have revoked my consent.
>
> I authorize my insurance company to pay and mail directly to [the Laboratories] or [their] affiliated laboratories all medical benefits for payment of services rendered. I also authorize [the Laboratories] or

3

> [their] affiliated laboratories to endorse any checks received on my behalf for payment of services provided.
>
> I hereby irrevocably assign to [the Laboratories] or [their] affiliated laboratories all benefits under any policy of insurance, indemnity agreement, or any collateral source as defined by statute for services provided. This assignment includes all rights to collect benefits directly from my insurance company and all rights to proceed against my insurance company in any action, including legal suit, if for any reason my insurance company fails to make payment of benefits due. This assignment also includes all rights to recover attorney's fees and costs for such action brought by the provider as my assignee.

("Assignment"). The Laboratories aver that all patients signed identical or substantially similar assignments.

In 2015, the Laboratories filed their complaint. In its motion to dismiss, Cigna argued that the Assignment only assigned the right to recover benefits arising from traditional insurance policies and that it did not assign the right to recover benefits arising from self-funded plans. In response, the Laboratories argued that the broad language of the Assignment included self-funded plans. The district court adopted Cigna's interpretation of the Assignment and ruled that it did not assign the right to recover benefits arising from self-funded plans. Therefore, the district court held, the Laboratories lacked standing to raise those claims. On appeal, the Laboratories argue first that this interpretation was erroneous, and second that the conflicting interpretations show sufficient ambiguity that it was improper to resolve the dispute on a motion to dismiss.

4

## STANDARD OF REVIEW

We review a district court's grant of a motion to dismiss de novo. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). Questions of contractual interpretation are pure questions of law and also reviewed de novo. *Gibbs v. Air Canada*, 810 F.2d 1529, 1532 (11th Cir. 1987). At the motion-to-dismiss stage, all well-pleaded factual allegations in the complaint must be taken as true and the complaint must be construed in the light most favorable to the plaintiff. *Hunt*, 814 F.3d at 1221. In order to survive a motion to dismiss, a complaint must only contain enough facts that a claim for relief is plausible on its face. *Ibid.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2009)).

## DISCUSSION

The health-benefit plans that predicate this appeal are governed by ERISA. ERISA allows plan participants and beneficiaries to sue in order "to recover benefits due to [them] under the terms of [their] plan." 29 U.S.C. § 1132(a)(1). ERISA does not permit healthcare providers to sue, but they may do so if they obtain a written assignment from a plan participant or beneficiary. *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1240–41 (11th Cir. 2001). The requirement that an assignment of the right to sue under 29 U.S.C. § 1132 be express and knowing is met in this case because the Assignment clearly intended to transfer the right to bring suit. *See Tex. Life, Acc. Health & Hosp. Serv. Ins. Guar.*

*Ass'n v. Gaylord Entm't Co.*, 105 F.3d 210, 218–19 (5th Cir. 1997) (ruling a purported assignment transferred the right to bring suit for unpaid benefits but the transfer was not specific enough to transfer the right to sue for a breach of fiduciary duty). The only issue raised on appeal is the scope of the Assignment—does it only cover traditional insurance plans issued by Cigna or does it also cover self-funded plans administered by Cigna?

In interpreting an assignment, as with any other contract, our goal is to effectuate the parties' intent. *See Inetianbor v. Cashcall, Inc.*, 768 F.3d 1346, 1353 (11th Cir. 2014). We look first to the plain language of the Assignment, reading the words in the context of the entire agreement and seeking to give meaning to every term. *See Alexandra H. v. Oxford Health Ins. Freedom Access Plan*, 833 F.3d 1299, 1306–07 (11th Cir. 2016) (discussing rules of contract interpretation for construing ERISA benefit plans). Should a contractual term be ambiguous—that is, reasonably susceptible to more than one meaning—then a reviewing court can consider extrinsic evidence to resolve the ambiguity. *See Adams v. Thiokol Corp.*, 231 F.3d 837, 844 (11th Cir. 2000).

According to the Laboratories, self-funded plans are covered by the Assignment since it confers the right to sue to recover "all benefits under . . . any collateral source as defined by statute," and self-funded plans are "collateral sources" under Florida law. *See* Fla. Stat. § 768.76(2)(a)(3) (defining a collateral

6

source as, among other things, "[a]ny contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the costs of hospital, medical, dental, or other health care services.").

Cigna contends, and the district court accepted, that the Assignment's express terms exclude self-funded plans. The district court found that:

> The core focus of the Assignment is on the assignee's ability to recover benefits "owed under any policy of insurance" and the pursuit of any rights to collect from the insurance company if for any reasons the "insurance company fails to make payments due." The Laboratories' argument that the right to collect benefits stemming from a "collateral source" necessarily implicates self-funded plans is belied by the Assignment's express language.

It was improper for the district court to interpret the contract when considering the motion to dismiss. The parties do not even agree on which jurisdiction's statutes are meant to give meaning to the collateral source language in the Assignment. The Laboratories aver that Florida's statutes were incorporated into the Assignment through the collateral source clause. Cigna says there is no reason why the statutes of Florida and not some other jurisdiction should be chosen. There is at least ambiguity on this point, and that alone is sufficient to render discovery into extrinsic evidence essential before the contract can be definitively interpreted. *See Geter v. Galardi S. Enters., Inc.*, 43 F. Supp. 3d 1322, 1328 (S.D. Fla. 2014) ("[T]he Court may not engage in contract interpretation at the motion to dismiss stage, as these arguments are more appropriate for summary judgment.")

(internal quotation omitted). *See also John M. Floyd & Assocs., Inc. v. First Fla. Credit Union*, 443 F. App'x 396, 398 (11th Cir. 2011) (per curiam) (applying Florida law); *Davis v. BancInsure, Inc.*, No. 3:12-CV-113-TCB, 2013 WL 1223696, at *3 (N.D. Ga. Mar. 20, 2013) (applying Georgia law).

The district court's interpretation of the contract nullifies the collateral source language contained in the Assignment. If the collateral source language is read to also only assign the right to sue for benefits arising from traditional insurance policies, then the language is rendered superfluous, violating the premise that the judiciary seeks to provide meaning to every contractual term. *See Oxford Health Ins.*, 833 F.3d at 1306–07. It is not proper on a motion to dismiss to read out such contractual language when a party proffers an interpretation reasonably giving import to that language.

Viewing the Assignment as a whole, the Laboratories' interpretation is plausible. Under the Assignment, the Laboratories received the right to sue to recover "all benefits under any policy of insurance, indemnity agreement, or any collateral source as defined by statute for services provided." Since the Assignment enumerates benefits from multiple possible sources, it is plausible that more than traditional insurance policies are within the Assignment's scope. *See Stewart v. KHD Deutz of Am., Corp.*, 980 F.2d 698, 703 (11th Cir. 1993).

The Assignment does not define the term "collateral source," but there is nothing that plainly precludes self-funded plans from being within its scope. The Assignment states that "collateral source" is to be defined by statute, and since the Assignment was signed in Florida for services to be provided in Florida it is a reasonable inference that the parties intended "collateral source" to be defined by Florida law. Florida defines a "collateral source" to be, among other things, "[a]ny contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the costs of hospital, medical, dental, or other health care services." Fla. Stat. § 768.76(2)(a)(3). Cigna advances an argument that self-funded ERISA plans do not qualify as collateral sources based on a Florida court of appeals case, but such an argument cannot be considered on a motion to dismiss attacking the sufficiency of the Laboratories' complaint.

In considering the plausible scope of the Assignment, we are cognizant of the congressional policies underlying ERISA. *See Williams v. Bd. of Trs. of Int'l Longhoremen's Ass'n*, 388 F. Supp. 2d 1353, 1364 (S.D. Fla. 2005). This court has explained that "ERISA has two central goals: (1) protection of the interests of employees and their beneficiaries in employee benefit plans; and (2) uniformity in the administration of employee benefit plans." *Horton v. Reliance Standard Life Ins. Co.*, 141 F.3d 1038, 1041 (11th Cir. 1998) (internal citations omitted).

ERISA's purposes would not be thwarted by interpreting the Assignment to include self-funded plans. We have recognized in general terms that an assignment of the right to sue to a healthcare provider facilitates an employee's receipt of healthcare benefits as providers are "better situated and financed to pursue an action for benefits owed for their services." *Cagle v. Bruner*, 112 F.3d 1510, 1515 (11th Cir. 1997) (internal quotation omitted). This benefit of shifting the burden of bringing suit is equally served whether the plan is a traditional insurance plan or a self-funded plan. Seen from the perspective of the patient, Cigna's role is largely the same for both types of plans—Cigna handles the administrative functions of claims processing and benefits disbursement. Given this, it is plausible based on the pleadings to construe "my insurance company" in the Assignment as being the party responsible for processing and paying benefit claims under the plan without regard to the ultimate bearer of the financial risk.

The Laboratories do not appeal the part of the district court's decision dismissing their claims for failure to exhaust administrative remedies. On that basis, we affirm the district court's ultimate dismissal without prejudice of the Laboratories' claims. In affirming the dismissal, we vacate the part of the district court's opinion dismissing for lack of standing the Laboratories' claims arising out of self-funded plans. Should the Laboratories exhaust their administrative remedies, then they may raise claims arising out of both traditional and self-funded

insurance plans. We pass no judgment on the ultimate contractual interpretation question of whether the Assignment covers self-funded plans. That question is best addressed by the district court after the benefit of discovery. *See Wilkerson v. Grinnel Corp.*, 270 F.3d 1314, 1322 & n.4 (11th Cir. 2001).

AFFIRMED in part and VACATED in part.